FILED

2016 MAY 11 AM 10: 47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:16-cv-577-J-20JRK

KATHY SIMPKINS,

    Plaintiff,

v.

HUNTER WARFIELD,

    Defendant.

_____/

## COMPLAINT

Plaintiff Kathy Simpkins ("Plaintiff") files this Complaint against Defendant Hunter Warfield ("Defendant") and alleges as follows:

### NATURE OF ACTION

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against Hunter Warfield.

2. Plaintiff also alleges violations of the Florida Consumer Collection Practices Act ("FCCPA") against Hunter Warfield.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and pursuant to 28 U.S.C. §. 1367 for pendent state law claims. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls to Plaintiff's place of employment to attempt to collect a debt in this jurisdiction..

4. At all times material hereto, Defendant, in the District in which this Complaint is filed: committed one or more the acts stated in Florida Statute Sections 48.081, 48.181, or

-1-
Wites & Kapetan, P.A.
4400 North Federal Highway, Lighthouse Point, FL 33064
(954) 570-8989 (phone); (954) 354-0205 (fax)

48.193.

## PARTIES

5. Plaintiff Kathy Simpkins is a natural person and citizen of the State of Florida, and a resident of Duval County, Florida.

6. Defendant Hunter Warfield is a for-profit Florida corporation with its principal place of business located at 4620 Woodland Corp. Blvd., Tampa, FL 33614, and is a debt collector, as defined by the FDCPA, who regularly services and collects consumer debts within the State of Florida.

## FACTUAL ALLEGATIONS

7. On September 5, 2014, Plaintiff vacated her apartment at Westridge Luxury Apartments.

8. Despite having vacated her apartment, Westridge Luxury Apartments wrongly filed an eviction action against Plaintiff.

9. On October 17, 2014, an eviction judgment was entered against Plaintiff on behalf of Westridge Operating LLC d/b/a Westridge Luxury Apartment Homes.

10. On November 19, 2015, Westridge Luxury Apartments sent Plaintiff a letter in which it acknowledged that it had wrongly filed an eviction suit against Plaintiff. The letter further stated that Plaintiff had not fulfilled her lease term and still had a balance remaining, which had been forwarded to their collection agency for recovery. *See* Exh. "A," Letter from Westridge Luxury Apartments dated Nov. 19, 2015.

11. On December 20, 2015, the eviction judgment entered on October 17, 2014 was vacated and the case was dismissed without prejudice by the County Court of Duval County. *See* Exh. "B," Order Vacating Eviction Judgment and Dismissing Case, Case No. 14-CC-10979.

12. Beginning in December 2015, Defendant began calling Plaintiff on a daily basis at her place of employment on behalf of the Creditor, Westridge Luxury Apartments.

13. Examples of the repeated phone calls that Defendant, or others acting at its request, made to Plaintiff include, but are not limited to, the following: December 7, 2015, December 8, 2015, December 9, 2015, December 11, 2015, December 14, 2015 and December 22, 2015.

14. On numerous occasions, Plaintiff has informed Defendant that they are calling her place of employment in violation of company policy and further requested that Defendant stop calling.

15. On December 16, 2015, Plaintiff's Supervisor at work, Nita Porocato, answered the call from Defendant. Defendant informed Ms. Porocato that they were making a personal call to collect a debt of Plaintiff. Ms. Porocato told Defendant that Plaintiff was not allowed to accept personal calls at work, at which point Defendant became hostile with Ms. Porocato.

16. Nonetheless, Defendant continued to call Plaintiff at her place of employment.

17. Defendant's repeated phone calls to Plaintiff's work telephone during business hours to collect a personal debt has placed a great deal of stress on Plaintiff and negatively affected the quality of her work. Moreover, Defendant's repeated calls are against company policy and continue to get Plaintiff in trouble at work.

18. Defendant's repeated calls to Plaintiff's place of employment are done with the intent to annoy, abuse or harass and are a clear violation of the FDCPA as well as the FCCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA

19.  Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

20.  Defendant's repeated calls to Plaintiff's place of employment to collect on a personal debt constitute a violation of 15 U.S.C. § 1692c(a)(3) in that Defendant is calling Plaintiff's place of employment after both Plaintiff and her Supervisor have advised Defendant that the calls violate company policy.

21.  In addition, Defendant's actions in making these phone calls to the Plaintiff were done with the intent to annoy, abuse, and harass the Plaintiff in violation of 15 U.S.C. § 1692d(5).

22.  **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant for damages including but not limited to emotional distress, attorney's fees, litigation expenses and costs of suit, a permanent injunction prohibiting Defendant from placing phone calls to Plaintiff, and such other relief or further relief as the Court deems proper.

## COUNT II – VIOLATION OF FCCPA

23.  Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above as if fully restated herein.

24.  This is an action for damages for violation of the FCCPA. Fla. Stat. §§ 559.55-559.785.

25.  Defendant's numerous calls to Plaintiff at her place of employment and communications with Plaintiff's employer regarding a personal debt constitute harassment and

abuse of the Plaintiff. Fla. Stat. § 559.72(4)-(7).

26. Plaintiff has retained the undersigned counsel for the purposes of pursuing this matter against Defendant and is obligated to pay said counsel a reasonable fee for their services. The FCCPA provides for an award of attorney's fees should Plaintiff prevail in this matter. Fla. Stat. § 559.77(2).

27. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against Defendant for damages including but not limited to emotional distress, attorney's fees, litigation expenses and costs of suit, and such other relief or further relief as the Court deems proper.

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Dated: May 10, 2016

    Respectfully submitted,

    **WITES & KAPETAN, P.A.**
    Attorneys for Plaintiff
    4400 North Federal Highway
    Lighthouse Point, FL 33064
    954-570-8989
    954-354-0205 (fax)

    By: **/s/ Marc A. Wites**
        MARC A. WITES
        Fla. Bar No.: 24783
        mwites@wklawyers.com

        CHAD J. ROBINSON
        Fla. Bar No. 56922
        crobinson@wklawyers.com